IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MONTRELL COOPER,** | |
| Petitioner, | |
| v. | Case No. 22-CV-01357-SPM |
| **ANTHONY WILLS,** | |
| Respondent. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 brought by Petitioner Montrell Cooper, an inmate at Menard Correctional Center. (Doc. 1). In his Petition, Cooper argues that he did not knowingly, voluntarily, and intelligently enter into a guilty plea in state court. *See People v. Cooper*, 13-CF-1809 (Ill. Cir. Ct. Nov. 9, 2016). For the following reasons set forth, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Cooper was indicted by a grand jury in December 2013 on a single charge—first-degree murder for the fatal stabbing of his ex-girlfriend Michelle Rowling. *See id.*; *People v. Cooper*, 2021 IL App (5th) 180225-U, ¶ 2. Cooper pleaded guilty to one count of first-degree murder on November 9, 2016 in exchange for the State's agreement to recommend a sentence of no more than sixty (60) years. (Doc. 1, p. 1; Doc. 8, p. 2 (citing Doc. 9, Ex. A, R. at 123)). Cooper's sentencing was held on March 23, 2017. (*See* Doc. 1, p. 1). At both his plea hearing and his sentencing, the trial judge

questioned Cooper repeatedly about whether or not he understood the consequences of his plea and his sentence and he responded in the affirmative. (*See* Doc. 8, pp. 2–4 (citing Doc. 9, Ex. A, R. at 125–30, 135–36, 140–56)). Cooper was sentenced to a term of fifty (50) years imprisonment plus three (3) years of supervised release. (*See id.*, p. 4 (citing Doc. 9, Ex. A)). Cooper subsequently filed a motion to withdraw his guilty plea on April 18, 2017 in which he claimed that he did not understand the consequences of pleading guilty. (*See id.*, p. 5 (citing Doc. 9, Ex. B). He also stated that he was displeased that his attorney had not gone to trial on a second-degree murder charge, which the court then explained was not charged. (*See id.* (citing Doc. 9, Ex. B., R. at 222–23)). The trial court denied the motion to withdraw guilty plea in March 2018. (*See id.* (citing Doc. 9, Ex. C)).

Cooper filed a direct appeal, which was denied by the Illinois Appellate Court. *See People v. Cooper*, 2021 IL App (5th) 180225-U. Cooper then filed leave to appeal to the Illinois Supreme Court, which was also denied. *See People v. Cooper*, No. 127340 (Ill. Sept. 29, 2021). Cooper also filed a pro se petition for postconviction relief pursuant to 725 ILCS 5/122-1 in the trial court while his direct appeal was pending, arguing in part that his guilty plea was not knowing and voluntary. (*See* Doc. 8, pp. 7–8 (citing Doc. 9, Ex. F)). The trial court ruled that Cooper's claim was barred by res judicata, as the Illinois Appellate Court had decided the issue on direct appeal. (*See id.*, p. 8 (citing Doc. 9, Ex. F)). Cooper timely filed the instant Petition pursuant to 28 U.S.C. § 2254 on June 24, 2022. (Doc. 1). Respondent Wills filed a Response on November 1, 2022. (*See* Doc. 8).

## APPLICABLE LEGAL STANDARDS

This Petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [hereinafter AEDPA]. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is *not* merely another round of appellate review. Instead, 28 U.S.C. § 2254(d) restricts habeas relief to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy,* 690 F.3d 811, 814 (7th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through

appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). The Supreme Court has repeatedly emphasized that the Section 2254(d) standard "is intentionally 'difficult to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014); *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)).

In addition to the requirement for timely filing under the AEDPA, a habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v. Akpore*, 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Cooper must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c).

If Petitioner has pursued his state-court remedies to exhaustion, the claims may nevertheless be barred by procedural default. *See Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity

Page **4** of **10**

to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.* A fairly presented claim "must place before the state court both the controlling law and the operative facts in a manner such that the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve the issue on that basis." *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (internal quotation marks omitted). A petitioner may be excused from procedural default only "if the petitioner can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton*, 730 F.3d at 696.

## ANALYSIS

Before addressing the merits of Cooper's argument, the Court notes that Cooper has exhausted his state court remedies via a full round of appellate review and that the claim here was raised in those proceedings, meaning that he has not procedurally defaulted. Additionally, he filed his petition within the one-year time limit under the AEDPA.

Cooper's § 2254 Petition alleges one claim only—that his guilty plea was not knowing, intelligent, and voluntary because of his limited intellectual capacity. (*See* Doc. 1, p. 20; *see also* Doc. 8, p. 4). His argument is based on the second report of Dr. Daniel Cuneo, who evaluated Cooper first in April 2015 and subsequently in January 2017. (*See* Doc. 1, p. 20; *see also* Doc. 8, p. 4, Exs. I, J). While Dr. Cuneo evaluated Cooper as malingering in the first evaluation (*see* Doc. 1, p. 20; *see* Doc. 9, Ex. I), his second evaluation determined that Cooper "had an intellectual disability, an

unspecified personality disorder, [and] an IQ of 62, which placed Petitioner in the bottom one percent of the nation." (Doc. 1, p. 20; Doc. 9, Ex. J, p. 2). He argues that this rendered him unable "to communicate or articulate his thoughts to his attorney(s)." (Doc. 1, p. 20; *see* Doc. 9, Ex. J).

Wills argues that, pursuant to the AEDPA, a state prisoner cannot bring a habeas claim to relitigate state unless the judgment "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (Doc. 8, p. 8 (first quoting 28 U.S.C. § 2254(d)(1); *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011); then quoting § 2254(d)(2))). Wills states that "[t]he relevant state court decision on federal habeas review is that of the last state court to adjudicate the merits of the issue" and "the postconviction trial court found that petitioner's claim was barred by res judicata because the state appellate court had rejected the claim as meritless on direct appeal." (*Id.*, p. 9 (quoting *Lucas v. Montgomery*, 583 F.3d 1028, 1030 (7th Cir. 2009) (citing Doc. 9, Ex. H)).

With this in mind, they argue that, in order for a guilty plea to be constitutionally valid, the Supreme Court has stated that there must be "an affirmative showing that it was intelligent and voluntary." (Doc. 8, p. 10 (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)) (citing *Dansberry v. Pfister*, 801 F.3d 863, 864 (7th Cir. 2015))). Because the trial court questioned and confirmed Cooper's understanding of his constitutional rights at every stage from his plea hearing to his

sentencing, Wills argues that "[t]he question is not whether a defendant has average intelligence, but, rather, whether at the moment of the plea and with the advice of counsel, the defendant understood what he was doing and the consequences of his act." (Doc. 8, pp. 10–11 (citations omitted)). They argue that "petitioner agreed that he had no mental conditions that prevented him from entering a valid guilty plea, and repeatedly confirmed that he understood the proceedings and consequences of pleading guilty" and, additionally, "the state appellate court's determination that the record affirmatively showed that petitioner's guilty plea was knowing, voluntary, and intelligent, was not objectively unreasonable." (*Id.*, p. 12 (citing Doc. 9, Ex. A*; United States v. Brooks*, 756 F. App'x 52, 56–57 (2d Cir. 2018))).

Cooper's argument is that he did not have the intellectual capacity to plead guilty, as Dr. Cuneo's report indicated that he had the cognitive abilities of a ten-year-old child an "[a] ten-year-old child cannot knowingly, voluntarily, or intelligently agree to something as consequential or life-altering as a prison sentence of fifty years. (*See* Doc. 1, p. 21). Notably, however, while Dr. Cuneo's report does state that Cooper had the cognitive ability of a ten-year-old (*see* Doc. 9, Ex. J, p. 4), it also states that Dr. Cuneo was of the opinion that:

> Cooper was suffering from a disorder of thought, mood, and behavior . . . which effected [sic] him at the time of his alleged offense and impaired his judgment and negatively affected his behavior, but not to the extent that he was unable to appreciate the criminality of his conduct at the time of the alleged offense.

(*Id.*). He continues and states that Cooper was not psychotic, hallucinating, or delusional at the time of the offense and "is not intellectual limited" and "does know

Page **7** of **10**

that stabbing someone can cause death and could have controlled his behavior if he so desired." (*Id.*).

Cooper's argument focuses only on the statement that he has the intellectual capacity of a ten-year-old and that a quoted interaction between Cooper and the trial judge "was more akin to a talk between an adult and a child, than a trial court and a criminal defendant." (Doc. 1, p. 20–21). The record reflects, however, that the trial court carefully and methodically questioned Cooper to ensure that he was aware of the consequences of pleading guilty. (*See* Doc. 9, Ex. A, R. at 125–30, 135–36). In reviewing the trial court record, the Illinois Appellate Court stated that:

> The trial court specifically walked Mr. Cooper through the record where he agreed to all the admonishments of his rights and the terms and conditions of his plea deal. There was never any argument raised, until the motion to withdraw guilty plea, that Mr. Cooper was confused or did not understand what his plea deal would mean. There was also no other proof put forward by the defense other than Dr. Cuneo's report. In that report, Dr. Cuneo noted that Mr. Cooper is capable of understanding his actions and the ramifications that they can have on himself and others.

*People v. Cooper*, 2021 IL App (5th) 180225-U, ¶ 2 (citing *People v. Cooper*, 13-CF-1809 (Ill. Cir. Ct. Nov. 9, 2016), R. at 225–26; Doc. 9, Ex. J). The Illinois Appellate Court applied Supreme Court caselaw in its determination that Cooper's plea displayed "an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Therefore, the Court finds that the Illinois Appellate Court's determination was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d). As it was reasonable for the Illinois Appellate Court to determine that Cooper's plea was knowing, intelligent, and voluntary, Cooper's Petition must be dismissed.

## CONCLUSION

For the reasons set forth above, Montrell Cooper's Petition for Writ of Habeas Corpus Sentence filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Regarding Cooper's claim that his guilty plea was not knowing, voluntary, and intelligent, Cooper has not made a substantial showing of the denial of a

constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  January 25, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
